IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MAURICE M. O'NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-066 |
| | ) | (Formerly CR 311-006) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Maurice M. O'Neal has filed with this Court a second and successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 4), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

    **A.    Indictment and Agreement to Plead Guilty**

On May 4, 2011, the grand jury in the Southern District of Georgia charged Petitioner in a one-count indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. O'Neal, CR 311-006, doc. no. 1 (S.D. Ga. May 4, 2011) (hereinafter "CR 311-006"). The Court appointed attorney Matthew Waters under the Criminal Justice Act to represent Petitioner. Id., doc. no. 9.

On January 19, 2012, Petitioner pled guilty to the felon in possession charge, and in

exchange the government agreed not to object to a recommendation for a two-point acceptance of responsibility reduction and to move for an additional one-point reduction under the Sentencing Guidelines. Id., doc. nos. 37-39. The government also agreed to recommend Petitioner receive a sentence in the bottom half of the final Guideline range determined by the Court at the sentencing hearing. Id., doc. no. 38, p. 2. For his part, Petitioner admitted that he had possessed a specific firearm and ammunition after having been previously convicted of two prior felonies: burglary and theft by taking. Id. at 4.

After United States District Judge Dudley H. Bowen, Jr., conducted the change of plea proceedings and accepted Petitioner's guilty plea, the government requested that a supplemental plea colloquy be held and filed an amended penalty certification. Id., doc. nos. 40, 41, 56. The government made the request because the United States Probation Office discovered, while preparing the Presentence Investigation Report ("PSI"), Petitioner had additional convictions that were not previously known but which qualified him for an Armed Career Criminal Act ("ACCA") enhancement under 18 U.S.C. § 924(e). The enhancement applies when a defendant has at least three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e). The statutory minimum penalty for an ACCA conviction is fifteen years imprisonment, and the statutory maximum is life imprisonment. CR 311-006, doc. no. 41. Without the § 924(e) enhancement, the felon in possession count carried a possible statutory sentence of not more than ten years imprisonment. 18 U.S.C. § 924(a)(2).

Petitioner acknowledged the government's request and the increased penalty certification, but he expressed his willingness to stand by his guilty plea and waive any supplemental plea proceedings. CR 311-006, doc. no. 42. When Judge Bowen convened the

sentencing proceedings, he again reviewed the change in sentencing circumstances since entry of the guilty plea. Id., doc. no. 54, pp. 1-20. Judge Bowen confirmed with Petitioner, after giving him additional time to discuss the matter with counsel and revisiting the factual basis for the guilty plea, that Petitioner did indeed wish to proceed with sentencing. Id.

### B. Sentencing

The PSI set Petitioner's Total Offense Level at thirty, Criminal History Category at V, and Guideline imprisonment range at 151 to 188 months. PSI ¶¶ 22, 52. However, the PSI specifically delineated that Petitioner had at least four previous convictions, two for burglary and two for aggravated assault, that made him subject to an ACCA enhancement under 18 U.S.C. § 924(e). PSI ¶¶ 19, 27. Because the sentence could not be less than the statutory minimum under the ACCA, the Guideline sentence was 180 to 188 months. PSI ¶ 52. No objections to the PSI were filed. See PSI Add.; see also CR 311-006, doc. no. 54.

After hearing from defense counsel and Petitioner in mitigation, Judge Bowen imposed a sentence of 120 months imprisonment, along with a five-year term of supervised release, a $2,500 fine, and a $100 special assessment. First Sent. Tr., pp. 26-27; CR 311-006, doc. no. 48. The judgment entered on May 11, 2012, and Petitioner signed a Notice of Post-Conviction Consultation Certification stating that after consulting with his attorney, he had decided not to file an appeal. CR 311-006, doc. nos. 47, 48.

### C. Direct Appeal

The government, however, did file an appeal because Petitioner had been sentenced below the ACCA statutory minimum. Id., doc. no. 51. The Eleventh Circuit vacated the sentence with directions that Petitioner be sentenced in accordance with the ACCA's

mandatory minimum fifteen-year sentence, based on findings that: (1) Petitioner's two prior burglaries and two prior aggravated assault convictions qualified as ACCA predicate offenses, (2) Petitioner was ineligible for safety-valve relief, and (3) the government did not file a substantial assistance motion. Id., doc. no. 59. On May 30, 2013, Judge Bowen vacated the 120-month sentence and re-sentenced Petitioner to fifteen years imprisonment, with all other terms to remain the same. Id., doc. nos. 64, 65, 74.

This time, Petitioner did appeal. Id., doc. no. 66. On June 5, 2014, the Eleventh Circuit affirmed the new sentence. Id., doc. no. 77. The Eleventh Circuit also granted the motion of Mr. Waters to withdraw from further representation of Petitioner. Id. at 2.

### D.   First § 2255 Motion

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551, 2563 (2015). In Johnson, the Supreme Court found the "residual clause" of the ACCA to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. Under the ACCA, a violent felony is any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsection (i) is sometimes identified as the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016). The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18

U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner filed his first § 2255 motion on August 13, 2015, and the Clerk of Court docketed it on August 24, 2015. Id., doc. no. 80, pp. 1, 23. In his motion, Petitioner raised two grounds for relief: (1) he received ineffective assistance of appellate counsel because Mr. Waters did not file a petition for a writ of certiorari with the United States Supreme Court; and (2) under Johnson v. United States, 135 S. Ct. 2551 (2015), his two prior burglary convictions from 2003 do not count as predicate offenses under the ACCA, thereby invalidating his fifteen-year, ACCA sentence. See generally id. Petitioner requested he be resentenced without the § 924(e) enhancement. Id. at 23.

In reviewing the motion, this Court determined: (1) Mr. Waters did not render ineffective assistance because there is no constitutional right to counsel in pursuit of review in the United States Supreme Court; and (2) Johnson had no application to Petitioner's case because his burglary offenses did not fall under the residual clause of the ACCA. Id., doc. no. 83, p. 7. Applying the modified categorical approach, this Court confirmed Petitioner's two prior burglary convictions under O.C.G.A. § 16-7-1 qualified as ACCA predicate offenses under the enumerated offenses clause because they involved the unlawful entry of two buildings in Dublin Georgia. Id. at 9-10. Accordingly, the Court denied Petitioner's motion, finding he was not entitled to be resentenced without the ACCA enhancement. Id. at 11; doc. no. 87. Petitioner did not appeal.

5

### E. Second § 2255 Motion

On June 24, 2016, Petitioner filed an application pursuant to 28 U.S.C. §§ 2255(h), and 2244(b)(3)(A) with the Eleventh Circuit Court of Appeals, seeking an order authorizing this Court to consider a second or successive § 2255 motion. Id., doc. no. 95. Petitioner sought to raise one claim in a second or successive § 2255 motion, specifically that his burglary convictions were residual-clause predicates invalidated under Johnson. Id. at 3.

The Eleventh Circuit granted Petitioner's application, determining Petitioner had made a *prima facie* showing under Johnson because: (1) the sentencing court did not state whether it counted Petitioner's burglary convictions as ACCA predicates based on the enumerated offenses or elements clauses; and (2) there was an absence of binding precedent holding that Petitioner's convictions categorically qualified as ACCA predicates. Id. at 2-3.

Petitioner filed his second § 2255 motion on August 18, 2016, arguing his two prior burglary convictions from 2003 do not count as predicate offenses under the ACCA after Johnson. See id., doc. no. 96, p. 4. Petitioner does not dispute that his aggravated assault convictions qualify as predicate offenses under the ACCA. Respondent contends Petitioner's second § 2255 motion should be dismissed because Petitioner has not met the requirements for a successive § 2255 motion, and Petitioner's prior burglary convictions continue to qualify as ACCA predicates under the still-valid enumerated offenses clause. Id., doc. no. 99.

## II. DISCUSSION

### A. Petitioner Has Not Met the Requirements For a Successive Motion Under § 2255(h) Because Petitioner's Johnson Claim Was Available at the Time of his First § 2255 Motion.

Petitioner is entitled to one 28 U.S.C. § 2255 motion, and must receive permission from the Eleventh Circuit to file a "second or successive" motion. 28 U.S.C. § 2255(h). The Eleventh Circuit will authorize a second or successive § 2255 motion if Petitioner can make a *prima facie* showing that there is:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. However, even if the Eleventh Circuit authorizes a second or successive motion, this Court is required to determine whether Petitioner has met the requirements of § 2255(h) *de novo*. Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1357 (11th Cir. 2007); see also In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016) ("[T]he district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, *de novo*.") (internal quotations omitted); In re Bradford, 830 F.3d 1273, 1276 (11th Cir. 2016) ("[I]n the context of applications to file successive § 2255 motions, we have adopted Jordan, 485 F.3d at 1358").

Here, Petitioner has not met the requirements of § 2255(h), and his motion should be dismissed for lack of jurisdiction. Petitioner does not present "newly discovered evidence," under § 2255(h)(1), and must meet the requirements under § 2255(h)(2). Thus, to establish this Court's jurisdiction, Petitioner must demonstrate his case presents "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was *previously unavailable*." § 2255(h)(2) (emphasis added).

While the Supreme Court has determined Johnson is a new rule of constitutional law made retroactive to cases on collateral review, it was not "previously unavailable" to Petitioner. Indeed, Petitioner presented his identical Johnson claims in his first § 2255 motion, lost, took no appeal, and now simply wants to re-litigate the merits. See Peek v. United States, No. CR408-221, 2016 WL 4926431, at *2 (S.D. Ga. Sept. 14, 2016) (finding Petitioner's second § 2255 motion subject to dismissal because petitioner raised same Johnson claim in first § 2255 motion). McClouden v. United States, No. CR609-015, 2016 WL 5109530, at *1 (S.D. Ga. Sept. 20, 2016), report and recommendation adopted, No. CR609-015, 2016 WL 6139928 (S.D. Ga. Oct. 21, 2016) ("[B]ecause in his earlier § 2255 proceedings he raised a Johnson claim and the unappealed . . . judgment . . . is now final . . . Section 2255(h)(2) blocks jurisdiction over his attempt to re-litigate it now."). Because Petitioner's Johnson claims were not previously unavailable, he has not met the requirements of § 2255(h)(2), necessitating dismissal of his motion.

Even if Petitioner's Johnson claims were previously unavailable and Petitioner meets the requirements needed to bring a second or successive motion under § 2255(h), his burglary convictions continue to qualify as ACCA predicates under the enumerated offenses clause. Accordingly, Petitioner is not entitled to relief.

### B. Petitioner's 2003 Burglary Offenses Continue to Qualify as ACCA Predicate Offenses Under the Enumerated Offenses Clause of the ACCA.

Although Johnson invalidated the residual clause of 18 U.S.C. § 924(e), it did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements. 135 S. Ct. at 2563. Thus, an ACCA enhancement may still be validly applied based on an offense falling under the enumerated offenses clause of the ACCA, not the residual clause. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as "burglary, arson, or extortion" or an offense involving "use of explosives"). As previously determined by this Court, Petitioner's 2003 burglary offenses fall under the enumerated offenses clause, and he therefore qualifies as an armed career criminal, even after Johnson.

To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense under the enumerated offenses clause, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction. Descamps v. United States, 133 S. Ct. 2276, 2281-82 (2013). A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate, enumerated offenses, courts apply the elements of these "generic" crimes as commonly understood. Id.; United States v. Gundy, 842 F.3d 1156, 1161 (11th Cir. 2016).

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the statute sets out a single set of elements for the offense. Courts refer to this simple

9

comparison as the "categorical approach." Descamps, 133 S. Ct. at 2281. In this type of case, the court need only "line[] up that crime's elements alongside those of the generic offense and see[] if they match." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016).

A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. See Descamps, 133 S. Ct. at 2281-82. A criminal statute that lists elements in the alternative, and thereby defines multiple crimes, is "divisible." Mathis, 136 S. Ct at 2249. "Faced with a 'divisible' statute, courts must identify which crime in the statute formed the basis of the defendant's conviction." Gundy, 842 F.3d at 1162. In such cases, courts may use the modified categorical approach and look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Descamps, 133 S. Ct. at 2282. In addition to these so-called Shepard documents,[1] the Eleventh Circuit has also allowed courts to use "undisputed facts contained in a PSI." United States v. Ramirez-Flores, 743 F.3d 816, 821 (11th Cir. 2014) (citation omitted). Courts "then compare the elements of that identified crime to the elements of the relevant generic offense." Gundy, 842 F.3d at 1162.

With respect to Petitioner, generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with

---

[1] Shepard v. United States, 544 U.S. 13, 26 (2005).

intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012).

In Gundy, the Eleventh Circuit examined this version of the Georgia burglary statue after the ruling in Mathis, applying the Supreme Court's instructions on how to interpret and apply the enumerated offenses clause of the ACCA when a statute has "disjunctive phrasing" that raises the issue as to whether the statute aligns precisely with the generic offense as intended by Congress. Gundy, 842 F.3d at 1162 (citing Mathis, 136 S. Ct. at 2249, 2253). As has been explained in this District:

> When faced with such a state statute, the court must decide whether the disjunctive language creates (1) multiple crimes that are "divisible" into those alternative *elements* that match the generic version of the ACCA enumerated crime and those that do not, or (2) a single crime that has an "indivisible" set of elements and simply lists various alternative factual *means* of committing that single offense. Gundy, 842 F.3d at 1162. An indivisible statute must exactly match the generic crime or else it cannot count as an ACCA predicate offense. Id. A divisible statute, on the other hand, may suffice as an ACCA predicate if it can be determined that the defendant was convicted of the generic crime rather than an alternative, non-generic crime. Id.

Clemons v. United States, CR 408-225 / CV 416-005, 2017 WL 473968, at *2 (S.D. Ga. Jan. 6, 2017), *adopted by*, 2017 WL 470900 (S.D. Ga. Feb. 3, 2017).

Applying Mathis, the Eleventh Circuit has determined "the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the

11

disjunctive . . . effectively creating several different crimes." Gundy, 842 F.3d at 1167. "That the Georgia prosecutor must select and identify the locational element of the place burgled – whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft - is the hallmark of a divisible statute." Id. Therefore, as described above, the Court may continue to use the modified categorical approach to determine whether Petitioner's prior burglary convictions match the generic definition of burglary Congress intended to count as a predicate offense in the enumerated offenses clause of the ACCA. See id. at 1168.

Here, this Court has already applied the modified categorical approach to Petitioner's two prior burglary convictions and determined the convictions qualify as ACCA predicate offenses under the enumerated offenses clause. CR 111-006, doc. no. 83, pp. 9-10. Neither Mathis nor Gundy alter this Court's prior analysis. Undisputed facts within Petitioner's PSI show Petitioner was convicted of unlawfully entering two buildings in Dublin, Georgia, the Tint and Tunes and the World Hi Fi businesses. (PSI ¶ 27.) Because Petitioner's prior Georgia burglary convictions "substantially conform to the generic definition of burglary," they continue to qualify as violent felonies and ACCA predicates under the enumerated offenses clause. See Gundy, 842 F.3d at 1168-69. In sum, Petitioner's enhanced sentence under § 924(e) was properly imposed and he is not entitled to the resentencing he seeks. Under these circumstances, the motion to dismiss should be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 4), Petitioner's § 2255 motion be

**DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 16th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA